UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH YOCHUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:08-cv-208-WTL-WGH |
| ) | |
| CITY OF VINCENNES, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on the Plaintiff's motion for summary judgment (Docket No. 23) and the Defendant's cross-motion for summary judgment (Docket No. 28). The motions are fully briefed, and the Court being duly advised, **GRANTS** the Defendant's motion and **DENIES** the Plaintiff's motion for the reasons set forth below.

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary

judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

Plaintiff, Joseph Yochum, is a member of the Vincennes City Fire Department ("Fire Department"). Yochum was appointed Chief of the Fire Department in 2004. Before being appointed Chief, Yochum held the earned rank of Battalion Chief. Prior to February 2007, the structure of the Fire Department was: Chief; Assistant Chief; Battalion Chief; Captain (training); Captain EMS; Captain Mechanic; Captain (safety); and Captain (station commander). The Chief and Assistant Chief were appointed by the Mayor. All other positions were earned positions. Thus, Battalion Chiefs were the highest ranking non-appointed officers in the Fire Department.

The Fire Department is governed by the Vincennes Board of Public Works and Safety ("Board"). In February 2007, the Board adopted an ordinance that restructured the Fire Department. After the ordinance was passed, the Fire Department's structure became: Chief; Division Chief; Captain (training); Captain (safety); Captain EMS; and Lieutenant. The Chief and Division Chief were appointed by the Mayor. All other positions were earned. Accordingly, the highest ranking non-appointed officer was Captain (training). The Battalion Chief position was abolished.

In January 2008, a new mayor took office and replaced Yochum as Chief of the Fire Department. Yochum was demoted to Captain (training). Yochum does not take issue with his removal as Chief. Instead, he alleges that the restructuring ordinance requires that he be returned to his last earned rank – Battalion Chief. Yochum filed this suit under 42 U.S.C. § 1983, asserting that by the City of Vincennes violated his Fourteenth Amendment procedural due process rights by demoting him without notice and a hearing.

## III.  DISCUSSION

In order to prevail on his § 1983 claim Yochum must show that the City of Vincennes "deprived him of a right secured by the Constitution or laws of the United States and that the

defendant[] acted under color of state law." *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (citing *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994)). In the instant case the parties do not dispute that the Defendant acted under color of state law. Accordingly, the Court shall focus its inquiry on the first element – whether the City of Vincennes deprived Yochum of a right, privilege, or immunity secured by the Constitution or laws of the United States – to ensure that Yochum has a valid federal claim. *See Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006).

Yochum asserts Indiana Code 36-8-3-4 creates a protected property interest in one's position on the Fire Department. The statute states that "a member of the police or fire department holds office or grade until the member is dismissed or demoted by the safety board." Ind. Code 36-8-3-4(b). In *State ex rel. Miecznikowski v. City of Hammond*, 448 N.E.2d 1239, 1243-44 (Ind. Ct. App. 1983), the Indiana Court of Appeals explained that the statute "created a legitimate claim of entitlement to continue in that rank." Accordingly, "firefighters were protected by procedural process requirements, so they could not be demoted without sufficient cause, notice, and a hearing." *Id*. at 1244; *see also Sowers v. City of Ft. Wayne*, 737 F.2d 622, 624 (7th Cir. 1984); *City of Terre Haute v. Brighton*, 450 N.E.2d 1039, 1041 (Ind. Ct. App. 1983).

"Rank" is defined as a "relative position in a society," "[a]n official position or grade," or a "relative position or degree of value in a graded group." AMERICAN HERITAGE DICTIONARY 3d ed. (1992). Before becoming Chief, Yochum held the highest earned rank in the Fire Department – Battalion Chief. The only two positions above Battalion Chief were the appointed positions of Chief and Assistant Chief. After the 2007 ordinance eliminated the position of Battalion Chief, when Yochum's tenure as Fire Chief ended he became a Captain (training). Captain (training) is the highest earned position in the reorganized Fire Department. Like the former Battalion Chief position, the only positions above Battalion Chief are the appointed posts of Chief and Division Chief. Thus, regardless of what the position is called, Yochum continues to hold the highest ranking earned

position in the Fire Department. He has not suffered a reduction in rank.

Yochum does not cite any facts indicating that his placement into the Captain (training) position resulted in a pay cut. Nor does he allege that Captain (training) has different, more, or fewer responsibilities than the defunct Battalion Chief position. Based on the facts presented by the parties, the difference between Battalion Chief and Captain (training) is merely semantic. Yochum does not have a protected property interest in the name used to describe his position. Accordingly, his § 1983 claim fails as a matter of law.[1]

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **GRANTED**. The Plaintiff's motion is **DENIED**.

SO ORDERED: 12/28/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

R. Thomas Bodkin
Bamberger Foreman Oswald & Hahn
tbodkin@bamberger.com

Stephen P. Murphy Jr
Murphy & Murphy, LLC
murphy2@justice.com

Chad Michael Smith
Bamberger Foreman Oswald & Hahn
csmith@bamberger.com

---

[1] Yochum's Complaint, as well as the parties' cross-motions for summary judgment, deal only with 42 U.S.C. § 1983. The Court does not understand the Complaint as asserting a cause of action against the City for violation of the restructuring ordinance.